UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CEDRIC LYNN STRUGGS, | 1:09-cv-01368-MJS  (HC) |
| Petitioner, | |
| vs. | ORDER DENYING MOTION FOR RECONSIDERATION OF ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL |
| HEDGPETH, | |
| Respondent. | [Doc. 8] |

Petitioner has requested the appointment of counsel twice in the instant matter. (Court Docs. 5, 10.) Both motions were denied.  (Court Docs. 6, 11.) Petitioner presently moves this court to reconsider its order of August 24, 2009 denying appointment of counsel. (Court. Doc. 8.) Petitioner presents no evidence or argument that the order denying counsel was incorrect. (Id.)

The federal courts have a duty to construe pro se pleadings liberally. Hamilton v. United States, 67 F.3d 761, 764 (9th Cir.1995) (citing Hughes v. Rowe, 449 U.S. 5, 9 (1980) (quotation omitted)). Consistent with such duty, the Court shall consider Petitioner's September 4, 2009 motion to reconsider as a motion for appointment of counsel. (Court Doc. 8.)

There currently exists no absolute right to appointment of counsel in habeas proceedings. See e.g., Anderson v. Heinze, 258 F.2d 479, 481 (9th Cir.), cert. denied, 358 U.S. 889 (1958); Mitchell v. Wyrick, 727 F.2d 773 (8th Cir.), cert. denied, 469 U.S. 823 (1984).  However, Title 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests

1  of justice so require."  See Rule 8(c), Rules Governing Section 2254 Cases.  In the present case,
2  the court does not find that the interests of justice would be served by the appointment of counsel
3  at the present time.
4        Accordingly, IT IS HEREBY ORDERED that petitioner's request for appointment of
5  counsel be and it hereby is DENIED.
6
7
8  IT IS SO ORDERED.
9  Dated:    June 7, 2010                                      /s/ *Michael J. Seng*
                                                                      UNITED STATES MAGISTRATE JUDGE